## In re BARSAMIAN.

### (District Court, D. Massachusetts.   February 14, 1923.)

#### No. 30425.

**Bankruptcy** ⊙⟶184(2)—**As respects place for recording, mortgagor held to have transacted business in Boston when mortgage was given.**

Where the bankrupt was a nonresident of Boston at the time he purchased a stock of goods in Boston and he received a bill of sale for the stock and executed a mortgage therefor on the afternoon of the day they were dated, but with an agreement the receipts for goods sold that day should belong to his seller, and he took personal charge of the business the following morning, he was principally transacting his business in Boston when the mortgage was made, so as to be required by the Massachusetts statute to record the mortgage there, since, either the business became his when the bill of sale was delivered to him notwithstanding the provision regarding the proceeds of sales that day, or the mortgage did not become effective until the following day, when he took possession of the business and when he was clearly transacting business in the city.

In Bankruptcy.   In the matter of John Barsamian, bankrupt.   On petition to establish validity of a mortgage.   Order of the referee, denying the petition, affirmed.

James M. Graham, of Boston, Mass., for petitioners.
Thomas H. Bilodeau, of Boston, Mass., for trustee.

BREWSTER, District Judge.   This is a petition to establish the validity of a mortgage given by the bankrupt prior to adjudication.   It presents a close question.   Bankrupt purchased of the petitioner a grocery business in Boston, Mass.   The referee found that when the purchase was made the bankrupt lived in Worcester, Mass.   The mortgage is dated September 22, 1921, recorded in Worcester September 24, 1921, and recorded again in Boston on October 11, 1921.   The record at Boston was too late, and the question calling for decision is whether under the statutes of Massachusetts it was necessary to record the mortgage in Boston in view of the following facts which were found to exist:

On the afternoon of September 22d the bankrupt met Keller, the petitioning mortgagee, at an attorney's office in Boston, at which time and place a bill of sale was executed and delivered to the bankrupt, and the bankrupt gave Keller a purchase-money mortgage on all the property in the store for $1,500.   Thereafter bankrupt and Keller drove to the store, remaining there only a short time.   The store was closed at the usual hour on that day, and Keller, under his arrangement with the bankrupt, retained the cash taken in at the store on September 22d.   The bankrupt returned on the morning of September 23d and took charge of the business, and later took up his residence in Boston.   He continued the business from then until the time of bankruptcy.   The statute of Massachusetts (G. L. c. 255, § 1) applicable to the recording of mortgages of personal property requires that mortgages of personal property "shall, within fifteen days from the date

written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business."

When was the mortgage made, and at the time where did the mortgagor principally transact his business? The mortgagee contends that the mortgage was made on the afternoon of September 22, 1921, and that on that day the mortgagor was not transacting business in Boston; that he did not begin to transact business until the morning of September 23d, and since he was not transacting any business at all in Boston on September 22d it cannot be held that Boston was the city where he was then principally transacting his business.

With some reluctance the learned referee has given it as his opinion that the mortgage should have been recorded in Boston, and with equal reluctance the court has reached the same conclusion. If the bill of sale operated to pass title on the afternoon of September 22d, the mortgagor at the time he gave the mortgage was the owner of a business in Boston, which he had taken over as a .going concern, and while the mortgagee may have received the proceeds taken in from the sale of goods that afternoon, nevertheless the proceeds were from the sale of the mortgagor's property, and it was his business that was being conducted, although he may not have derived any profit from the business. If, on the other hand, the parties agreed between themselves that title should not vest until the morning of September ·23d, then September 23d became the effective date of the mortgage, and at that time there is no question about the location of the principal place of business .of the mortgagor. He then was clearly transacting business in Boston. Whichever view one may take, he is led to the same conclusion, namely, that the mortgagor was principallv transacting business in Boston at the time he gave the mortgage. This conclusion is in harmony with the intent and spirit of the act. A contrary conclusion would defeat its ·obvious purpose.

The order of the referee, therefore, denying the petition, is affirmed.